UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MSC MEDITERRANEAN SHIPPING
COMPANY S.A.,

Plaintiff,

v.

O.W. BUNKER NORTH AMERICA
INC., O.W BUNKER USA, INC., O.W.
BUNKER (SWITZERLAND) S.A., ING
BANK N.V.,

Defendants.
-------------------------------------------------------

No. 15-CV-03221 (UEC)

# MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR RESTRAINING ORDER UNDER 28 U.S.C. § 2361 AND APPROVING SECURITY UNDER SUPP. ADM. RULE E(5)(a)

SHEPPARD MULLIN RICHTER &
HAMPTON LLP
Edward H. Tillinghast, III
Thomas M. Monahan
30 Rockefeller Plaza
New York, New York 10112
(212) 653–8700

*Attorneys for Plaintiff MSC Mediterranean Shipping Company S.A.*

Plaintiff MSC Mediterranean Shipping Company S.A., by its attorneys, Sheppard Mullin Richter & Hampton LLP, respectfully submits this memorandum of law in support of its application for a restraining order under 28 U.S.C. § 2361 and approving security under Supplemental Admiralty Rule E(5)(a).

## FACTS

This case arises from the collapse of the O.W. Bunker group of companies. Plaintiff, MSC Mediterranean Shipping Company S.A. ("MSC"), an international steamship line based in Geneva, Switzerland, purchased bunkers – ship fuel – from O.W.'s Swiss affiliate, O.W. Bunker (Switzerland) S.A. ("OWB CH"). Five of those purchases, all involving bunker deliveries in the United States, are at issue in this case. In each case, MSC contracted for OWB CH to supply the fuel. In each case, OWB CH apparently subcontracted supply to O.W. Bunker North America Inc. ("OWNA"), O.W. Bunker USA, Inc. ("OWUSA"), or possibly both. OWNA and OWUSA, presently the subject of bankruptcy reorganization proceeding in the District of Connecticut, have asserted a right to payment for the five bunkerings. ING Bank N.V. ("ING") claims a security interest in the receivables of the O.W. Bunker group, including those at issue in this case. OWNA and OWUSA have challenged ING's security interest in the Connecticut bankruptcy proceedings. MSC does not contest its liability for the five bunker purchases. It faces competing claims to payment from the four defendants in this case.

# ARGUMENT

1. **The Court Should Grant MSC Relief Under the Interpleader Act.**

MSC has obtained and is prepared to post the bond 28 U.S.C. § 1335(a)(2) requires. Under these circumstances, the Court "may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361. This Court has done just that in approximately twenty related cases arising from O.W. Bunker collapse. The present is case no different. MSC is a shipowner caught in the middle of a dispute between various O.W. Bunker entities and their lender.

The Court can and should issue a restraining order on an ex parte basis. "Notice and hearing prior to the issuance of a temporary restraining order or a preliminary injunction are not required by [Section] 2361 or by Rule 65(a), Fed.R.Civ.P." Aetna Cas. & Sur. Co. v. Ahrens, 414 F. Supp. 1235, 1242 (S.D. Tex. 1975); Holcomb v. Aetna Life Ins. Co., 228 F.2d 75, 82 (10th Cir. 1955). Fed. R. Civ. P. 65(b) excepts 28 U.S.C. § 2361 from its requirements. "These rules do not modify ... 28 U.S.C.§ 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader."

## 2. The Court Should Grant MSC Relief Under Supp. Adm. Rule E(5)(a).

The bond MSC has tendered also satisfies the requirements of Supplemental Admiralty Rule E(5)(a). That rule states that "execution of such process [of arrest or attachment] shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court ... the bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum." Supp. Adm. R. E(5)(a). Should any party appearing in response to this interpleader action make a showing that the bond's terms or amounts are not reasonable for the claims at issue, this Court could issue a supplemental order requiring amended terms or a larger amount.

Without the restraining order it seeks, MSC may be required to post security multiple times as a result of arrest or attachment actions against the seven ships involved in the bunkerings at issue in this case.. "It is the object of courts to prevent the payment of any debt twice over." Harris v. Balk, 198 U.S. 215, 226 (1905). "[T]he holder of . . . property is deprived of due process of law if he is compelled to relinquish it without assurance that he will not be held liable again in another jurisdiction or in a suit brought by a claimant who is not bound by the first judgment." Western Union Telegraph Co. v. Pennsylvania, 368 U.S. 71, 75 (1961). See also Shaheen Sports, Inc. v. Asia Ins. Co., 11-920, 2012 WL 919664 at *8 (S.D.N.Y. Mar. 14, 2012) (noting party's "concern for potential inconsistent judgments and double liability is therefore very real" and that prevention of double liability is a "judicial priority").

## CONCLUSION

The Court should approve the bond MSC has tendered and issue the restraining order MSC has proposed, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 23, 2015

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____
Edward H. Tillinghast, III
Thomas M. Monahan

30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 653-8700
Fax: (212) 653-8701

*Attorneys for Plaintiff MSC Mediterranean Shipping Company S.A.*